UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO GOLF PARTNERS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TIMBERSTONE MANAGEMENT, LLC.,<br><br>    Defendant.<br><br>TIMBERSTONE MANAGEMENT, LLC.,<br><br>    Counterclaimant,<br><br>v.<br><br>IDAHO GOLF PARTNERS, INC.,<br><br>    Counterdefendant. | Case No. 1:14-cv-00233-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff-Counterdefendant Idaho Golf Partners, Inc.'s motion in limine (Dkt. 62) in which Plaintiff seeks to preclude Defendant from introducing evidence or testimony at trial referencing: (1) telephone calls from anonymous persons to TimberStone Golf Course, as inadmissible hearsay, and (2) settlement offers or statements made during settlement discussions or mediation proceedings, pursuant to Federal Rule of Civil Procedure 68 and Federal Rule of

MEMORANDUM DECISION AND ORDER - 1

Evidence 408. The Court takes up only issue (1), the hearsay argument, and will issue a later decision addressing the issue of settlement offers.

## ANALYSIS

Plaintiff seeks to preclude Defendant from introducing "evidence referring to telephone calls from 'anonymous' callers [to TimberStone Golf Course] to show consumer confusion." *Pl.'s Mot. in Limine* at 2–3, Dkt. 62. Plaintiff argues that such evidence of confused golfers, offered through the testimony of TimberStone employees, is inadmissible hearsay and inherently unreliable, given Plaintiff's inability to cross-examine the callers. *Id.* Defendant counters that such testimony is not hearsay, as it is not offered for the truth of the matter asserted, or if it is, falls within the state of mind exception of Federal Rule of Evidence 803(3). *Def.'s Opp'n* at 2–5, Dkt. 83.

There appear to be two discrete categories of employee testimony concerning phone calls and visits from confused golfers: (1) direct testimony from TimberStone employees who interacted with confused customers; and (2) testimony of Ms. Webster, co-owner of TimberStone Golf Course, who obtained reports from TimberStone employees about confused golfers.

### 1.  Testimony of TimberStone Employees

Plaintiff argues that testimony of TimberStone employees regarding statements by allegedly confused golfers is inadmissible hearsay. These statements fall generally into two categories—those demonstrating confusion and those asserting it.

Employee testimony about customer interactions merely demonstrating confusion

(e.g., testimony about misdirected calls) is not hearsay because it is not offered for the truth of the matter asserted, but rather to show the declarant's confusion. *See* Fed. R. Evid. 801(c)(2); *see, e.g.*, *Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079, 1091 (C.D. Cal. 2006); *accord CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 579-81, 589 (6th Cir. 2015) (testimony regarding consumer confusion not offered for the truth of the matter asserted, but rather was probative of customer's confusion); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 719 (3d Cir. 2004) (same); *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 804 (4th Cir. 2001); *Fun–Damental Too, Ltd. v. Gemmy Industries Corp.*, 111 F.3d 993, 1003–04 (2d Cir. 1997) (same); *Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1160 n. 10 (5th Cir. 1982) (same).

Employee testimony about statements by golfers asserting confusion (e.g., golfer's statement such as "I was confused"), though offered for the truth of the matter asserted, may nonetheless be admissible under the hearsay exception for then-existing state-of-mind.[1]  *See* Fed. R. Evid. 803(3); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 509 (9th Cir. 2011) (admitting, under the state-of-mind exception, testimony from company representatives about calls from its customers complaining that they were confused); 4 J.

---

[1] Federal Rule of Evidence 803(3) provides an exception to the rule against hearsay rule for:

> [a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3).

**MEMORANDUM DECISION AND ORDER - 3**

Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:15 (4th ed. Supp. 2016) (noting that the "majority of courts" agree).

The "state-of-mind" exception may not always apply, however. For example, the Court is not persuaded that a golfer's follow-up conversation with TimberStone—reporting prior confusion of the golf courses—would be admissible as a statement of the declarant's *then-existing* state of mind, if sufficient time had passed from the moment of alleged confusion. *See, e.g., JL Beverage Co., LLC v. Jim Beam Brands Co.*, No. 13-17382, 2016 WL 3770484, at *9 (9th Cir. July 14, 2016) (distinguishing *Lahoti* on the grounds that the conversations at issue did not occur with customers that were "currently confused and seeking information about JL Beverage; rather, the individuals were reporting, after the fact, that they had mistaken two products"). This is consistent with the principle that a statement offered under Rule 803(3) "must be contemporaneous with the mental state sought to be proven." Weinstein's Federal Evidence § 803.05 (2015); *see also United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc) ("The more time that elapses between the declaration and the period about which the declarant is commenting, the less reliable is his statement, because the greater chance there is that his memory is erroneous . . . [and the] greater the circumstances for misrepresentation . . . .").

The court therefore denies Plaintiff's motion to the extent that it seeks a general prohibition on TimberStone employee testimony regarding confused customers. The

Court concludes that statements demonstrating confusion are not hearsay because they are not offered for their truth. The Court will determine the admissibility of any statements asserting confusion on a case-by-case basis during trial. Defendant is free, of course, to raise an appropriate objection once the nature of the proffered evidence is clear and the court has an evidentiary context in which to determine whether the evidence falls within Rule 803(3) or another applicable exception to the hearsay rule.

### 2. Testimony of Ms. Webster

Defendant argues, and the Court agrees, that the testimony of Ms. Webster regarding customer interactions contains an additional level of hearsay. *Pl.'s Mot. in Limine* at 3, Dkt. 62. The first level consists of the golfer's statements to a TimberStone employee. Such statements must be analyzed under the framework above and may be admissible if not offered for their truth or if it demonstrates the declarant's then-existing state of mind.

The second level consists of employee statements to Ms. Webster regarding instances of alleged golfer confusion. As Plaintiff notes, Webster received reports of golfer confusion from TimberStone employees but did not participate in these customer interactions.[2] *Webster Decl.* ¶ 25, Dkt. 41-1. Thus, Webster's testimony about specific

---

[2] For example, in the Declaration of Janice "Sally" Webster in Opposition to Plaintiff/Counterdefendant's Motion for Partial Summary Judgment ¶ 25, Ms. Webster states that she ". . . caused TimberStone Golf Course staff to begin tracking instances of golfer confusion. On or around Saturday, May 23, 2015 a golfer called and made a reservation for four golfers to play a round on Monday, May 25, 2015. After the call had completed the golfer called back and cancelled the reservation, explaining that she had intended to book a round at the Idaho Golf Course and that she had become confused when she searched for 'TimberStone' on the internet." *Webster Decl.* ¶ 25, Dkt. 41-1.

incidents of consumer confusion would be inadmissible hearsay unless an exception applies.

Defendant, without pointing to any basis in the Federal Rules of Evidence, argues that Webster's testimony is admissible due to her managerial position within the company: "As the co-owner of TimberStone Golf Course, Ms. Webster is competent to testify about reports she received from TimberStone employees during the course of their employment about confused golfers." *Def.'s Opp'n* at 5, Dkt. 83. Defendant relies exclusively on *Kos Pharmacy, Inc. v. Andrx Corp.*, 369 F.3d 700 (3d. Cir. 2004) for this assertion. *Id.* In that case, the court upheld a preliminary injunction in a trademark dispute, in part based on a declaration by Berg, a company vice-president, that "over 60 instances of actual confusion between the two drugs have been reported to [him] by [his] staff." *Id.* at 706.

Defendant's reliance on *Kos Pharmacy* is misplaced for three reasons. First, the case was decided in the context of a motion for preliminary injunction, and the Court made it clear that its determination turned on the less formal evidentiary standards applied in that context. *Id.* at 718 ("It is well established that 'a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.'") (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Second, to the extent that the Court deemed actual confusion evidence admissible non-hearsay, it appeared to refer only to Berg's testimony that she received over 60 reports of alleged confusion, and not testimony describing the alleged

incidents themselves. *Id.* at 719 ("Berg could attest to having received more than 60 reports of confusion in his official capacity. Berg's direct testimony that he received numerous and varied reports of alleged confusion is not hearsay but a factual claim."). Moreover, as Plaintiff notes, the case is distinguishable on the facts. *Kos Pharmacy* involved over 60 reports of alleged confusion, which led the Court to determine that "the very number of reports, and the variety of sources and types of confusion reported bolster the reliability of the reports as a whole." *Id.* Here, the declarations of TimberStone employees attests to only 5 reports of alleged confusion, all from anonymous callers. *Rizzo Decl.* ¶¶ 2–8, Dkt. 41-3; *Webster Decl.* ¶¶ 25–28, Dkt. 41-1.

Likewise, the Court finds inapplicable here the Rule 803(6) "business records" exception to the hearsay rule, often advanced as a basis for admitting logs of consumer confusion. Fed. R. Evid. 803(6); *see, e.g.*, *Ortho Pharm. Corp. v. Cosprophar, Inc.*, 828 F. Supp. 1114, 1119 (S.D.N.Y. 1993), *aff'd,* 32 F.3d 690 (2d Cir. 1994). It is clear from Ms. Webster's declaration that tracking customer calls was not a "regularly conducted activity" of TimberStone, but rather was initiated in response to events underlying this case. *See* Fed. R. Evid. 806(6)(B); *Webster Decl.* ¶ 25, Dkt. 41-1. ("As a result of IGPI's confusing use of the MARKS, I caused TimberStone Golf Course staff to begin tracking instances of golfer confusion."). The timing alone supports an inference that the records were prepared in anticipation of litigation, and therefore inadmissible. *See Palmer v. Hoffman*, 318 U.S. 109, 113 (1943) (documents created in anticipation of litigation are inadmissible under the business records exception).

Defendant has offered no alternative theory as to how Ms. Webster's testimony would qualify under an exception to the hearsay rule, nor does the Court see one. Therefore, the Court concludes that testimony by Ms. Webster as to statements by TimberStone employees regarding golfer confusion is inadmissible.

## ORDER

**IT IS ORDERED** that:

1. Plaintiff's Motion in Limine (Dkt. 62) is **GRANTED IN PART** insofar as it seeks to prohibit hearsay testimony by Ms. Webster regarding incidents of golfer confusion reported to her by other TimberStone employees.

2. Plaintiff's Motion in Limine (Dkt. 62) is **DENIED IN PART**, without prejudice to the presentation of a more focused objection at trial, insofar as it seeks a general prohibition on testimony by TimberStone employees who directly interacted with confused customers.

DATED: September 16, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court