UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO GOLF PARTNERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMBERSTONE MANAGEMENT, LLC., <br><br> Defendant. | Case No. 1:14-cv-00233-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court is TimberStone Management's Request for Attorney's Fees and Costs. *See Def.'s Post-Trial Br.* at 24. For the reasons described below, the Court will deny the request.

## LEGAL STANDARD

Although a district court may award fees to prevailing parties "in exceptional cases" under the Lanham Act, *see* U.S.C. § 1117(a), the award of fees is subject to the discretion of the court. *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A. Inc.*, 778 F.3d 1059, 1079 (9th Cir. 2015) ("the case must be exceptional for attorneys's [sic] fees to be awarded, but in an exceptional case, the district court 'may' (or may not) award fees.").

"[D]istrict courts analyzing a request for fees under the Lanham Act should examine the "totality of the circumstances" to determine if the case was exceptional,

exercising equitable discretion in light of [a] nonexclusive factors . . . and using a preponderance of the evidence standard." *SunEarth Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016). Factors to consider include "frivolousness motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (citing *Octane Fitness LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 n.6 (2014). "[A]n 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated. *Octane Fitness*, 134 S.Ct. at 1756 (as applied to fee awards under the Lanham Act in *SunEarth Inc*, 839 F.3d at 1180-81).

"A party is a prevailing party for purposes of an attorneys' fee award if it achieved a material change in the legal relationship of the parties that is judicially sanctioned." *Fifty-Six Hope Rd.*, 778 F.3d at 1078. "The material alteration in the legal relationship of the parties must be relief that the would-be party sought." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bur. Of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009). A plaintiff who establishes a claim for unfair competition or false designation is entitled to recover costs, however, subject to the principles of equity. 15 U.S.C. § 1117(a).

## ANALYSIS

The Court finds that TimberStone Management is not the prevailing party for the purposes of attorney's fees. Although the limited permanent injunction entered in this case constitutes an alteration in the legal relationship of the parties, the Court is not certain that it is a "material alteration." IGPI will continue to operate its Timberstone golf

course in southwestern Idaho – just as it did prior to the commencement of the litigation. Moreover, the limited permanent injunction was not the relief sought by TimberStone Management. Throughout this action, TimberStone Management has sought a permanent injunction barring IGPI from continuing to use the TimberStone mark under any circumstances. Although the limited injunction provides some remedy to TimberStone for its claim for unfair competition, it also awards substantial relief to IGPI in declaring IGPI's common law rights to use the TIMBERSTONE mark in relation to its golf course in southwestern Idaho. That relief runs entirely counter to what was sought by TimberStone Management in this action. Thus, TimberStone Management is not the prevailing party for the purposes of attorney's fees.

Nor is this an "exceptional case" where attorney's fees would be warranted. As evidenced by the jury's verdict and the equitable remedy ordered by this Court, both parties brought meritorious claims which entitled them to specific relief. Given the Court's finding for IGPI on its request for declaratory relief, there is simply no evidence of "frivolousness motivation [or] objective unreasonableness" by IGPI which would necessitate an award of fees to ensure adequate compensation or future deterrence. Nor does it support a finding of the type of disparity in the strength of the parties' positions that would cause this case to "stand out from others" in such a way as to find it exceptional.

Accordingly,

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** that each party shall bear its own costs and attorney fees in this matter.

DATED: March 28, 2018

B. Lynn Winmill
Chief U.S. District Court Judge