UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| IDAHO GOLF PARTNERS, INC., | Case No. 1:14-cv-00233-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| TIMBERSTONE MANAGEMENT, LLC, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Defendant's Motion for Order Requiring Payment of Damages Award (Dkt. 152). For the reasons discussed below, the Court will grant the Motion.

## BACKGROUND

On August 17, 2017, the Court entered a Memorandum Decision and Order addressing the parties' post-trial motions in this case. (*Aug. 17, 2017 Mem. Decision and Order*, Dkt. 137).[1] The jury returned a verdict for Defendant on its counterclaims for trademark dilution and unfair competition and false designation of origin, and awarded a lump-sum $9,808 damages award against Plaintiff. *Id.* The Court set aside the jury's verdict on trademark dilution and denied Plaintiff's motion for a new trial on the unfair

---

[1] The Court previously laid out the factual and procedural history of this case in its August 17, 2017 Order, and incorporates that history here by reference.

competition claim. *Id.* at 19, 24. Because the jury did not apportion its award of damages between the two claims, the Court applied the general verdict rule and found that a new trial was required on the issue of damages for both claims. *Id.* at 35-37. The Court gave Plaintiff the option, however, of accepting the jury's general damages award as the measure of damages on the unfair competition claim and proceeding to a new trial only as to liability and damages on the trademark dilution claim. *Id.*

On August 31, 2017, Plaintiff notified the Court that it waived the right to a new trial on damages on the Defendant's counterclaim for unfair competition. (*Plaintiff's Notice of Compliance* at 2, Dkt. 139). Plaintiff's notice also stated that Defendant had waived its right to a new trial on the issue of trademark dilution.[2] *Id.* Plaintiff's notice read, in full, as follows:

> COMES NOW, Plaintiff Idaho Golf Partners, Inc. (hereinafter, "Plaintiff"), by and through its attorneys of record, the law firm of Dinius & Associates, PLLC, pursuant to the Court's decision and instruction that Plaintiff Idaho Golf Partners, Inc. notify the Court whether it would waive the right to a new trial on damages on the Defendant's counterclaim for unfair competition, based upon the current procedural posture of the case and Defendant's waiver of a new trial on its counterclaim for Dilution, Plaintiff agrees to waive its right to a new trial on the issue of damages for unfair competition.

*Id.* at 1-2.

---

[2] Defendant also filed a notice of compliance. (*Defendant's Notice of Compliance*, Dkt. 140). The notice simply stated that Plaintiff had waived its right to new trial on the issue of damages for unfair competition, and that "[c]ounsel for the parties have met and conferred in good faith in an effort to agree on terms for a permanent injunction" but "[t]hose negotiations have yet to be successful." *Id.*

On March 27, 2018, the Court entered an order addressing the parties' requests for equitable relief. (*Mar. 27, 2018 Order*, Dkt. 147.) The Court denied Defendant's Motion for Reconsideration, granted Plaintiff's Request for Declaratory Judgment, and granted in part and denied in part Defendant's Request for Permanent Injunction. *Id.* at 17.

On June 8, 2018, Defendant filed this motion. Dkt. 152. Defendants argue that the Court, in its August 17, 2017 order, upheld the $9,808.00 in damages the jury awarded Defendant, and that the Court's March 27, 2018 order did not disturb that decision. *Def. Br.* at 2, Dkt. 152. Plaintiff disputes whether the August 17, 2017 order upheld the jury's damage award, and notes that "at that time there were outstanding claims yet to be decided by the Court." *Pl's Br.* at 5-6, Dkt. 154.

## ANALYSIS

IGPI expressly waived its right to challenge the damages award, and the Court's subsequent granting of declaratory judgment in favor of IGPI neither invalidated that waiver nor contradicted the jury's finding on the unfair competition claim. Nor do the principles of equity and justice require the Court to set the waiver aside. As such, the Court will grant Defendant's motion.

1. **Plaintiff's Waiver**

There were two remaining post-trial issues to be resolved after the Court issued its August 17, 2017 order. First, whether IGPI was liable for trademark dilution, and second whether the damages award was based on IGPI's liability for the unfair competition claim, or whether it included damages stemming from the trademark dilution claim. *Aug.*

*17, 2017 Mem. Decision and Order* at 37, Dkt. 137. As the Court noted, the general damages award could have been supported by the unfair competition claim alone, *see id.,* but given the uncertainty the Court granted IGPI the option of putting that questions to the jury. When Defendant declined to press its claim for trademark dilution, *see Plaintiff's Notice of Compliance* at 2, Dkt. 139, the damage award was the only remaining issue to be tried. Although Plaintiff had the option of questioning what portion, if any, of the damages awarded may have been based on Defendant's abandoned trademark dilution claim, IGPI expressly waived that right. *See id.* (stating that Plaintiff "waive[s] its right to a new trial on the issue of damages for unfair competition"). By declining to challenge the basis of the jury's general damages award, Plaintiff therefore accepted the award as the measure of damages owed on the unfair competition claim.

Plaintiff argues that it should not be liable for damages on unfair competition because the Court granted its motion for declaratory judgment on the common law good faith remote use defense. *See Mar. 27, 2018 Order* at 16, Dkt. 147 (finding that "IGPI has established its exclusive right to use the TimberStone mark in Southwestern Idaho, because it was the first to use the term TimberStone in connection with a golf course in that region"). However, the Court found in its previous order that Plaintiff could be liable for unfair competition even where it had established good faith remote use. *See Aug. 17, 2017 Mem. Decision and Order* at 20-21, Dkt. 137 (finding that a new trial on the unfair competition claim was not warranted, in part because the jury could have found that IGPI had proven its affirmative defense of continuous prior use, thus the jury's verdict was not

inconsistent). Therefore, the Court's decision on the declaratory judgment question has no impact on Plaintiff's liability for the unfair competition claim.

3.      **Principles of Equity and Justice**

Plaintiff further argues that "in the interests of justice and the principles of equity," "[it] should not be responsible for paying an award of damages when they had been lawfully using the TimberStone mark in Idaho all along." *Pl's Br.* at 8, Dkt. 154. It also contends that the limited permanent injunction imposed by the Court "satisfactorily remedies any damages which may have been caused by any unfair competition and false designation of origin." *Id.* However, just as the Court's decision on the declaratory judgment question has no impact on Plaintiff's liability for the unfair competition claim, neither does it create a situation where equity and justice demand that the court set aside the damages award, because there is no conflict between the two findings.

Plaintiff previously based its opposition to Defendant's unfair competition claim on two arguments—that the jury's verdict on unfair competition was irreconcilably inconsistent with its verdict on federal and common law infringement claims and that there was insufficient evidence to support the jury's finding of a "likelihood of confusion." The Court found otherwise, however, and that holding is unaffected by its decision on the declaratory judgment action. *See Aug. 17, 2017 Order* at 20, Dkt. 137. Likelihood of confusion differs from common law trademark rights in that likelihood of confusion concerns "whether the public is likely to be deceived or confused by the similarity of the marks," while the use of a common law trademark right as a remote use

defense relates to whether a junior user has established "good faith use in a geographically remote area." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988); *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 436 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1984 (2018). As the Court already held, a decision for the Defendant on the unfair competition claim is not necessarily inconsistent with a finding for IGPI on the declaratory judgment action. Indeed, the Court found that the jury could have found that Plaintiff established its affirmative defense of continuous prior use.

Therefore, even if the Court had granted declaratory judgment to Plaintiff earlier, the jury could have reached the same conclusion as to liability and damages for Defendant's unfair competition claim. As such, the Court will defer to the jury on the issue of damages. *See In re First Alliance Mortg. Co.*, 471 F.3d 977, 1001 (9th Cir. 2006) ("Generally, a jury's award of damages is entitled to great deference, and should be upheld unless it is 'clearly not supported by the evidence' or 'only based on speculation or guesswork'"). Accordingly,

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Order Requiring Payment of Damages Award (Dkt. 152) is **GRANTED**. Plaintiff is required to pay Defendant $9,808.00 within thirty days of this Order.

DATED: August 13, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge